## E. Eugenia Bower, Appellee, v. Chicago Consolidated Traction Company, Appellant.

### Gen. No. 15,077.

1. Verdicts—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. Instructions—*upon exercise of ordinary care approved.* An instruction upon this subject as follows, approved:

"The court instructs the jury as a matter of law that while it was the duty of the plaintiff at the time and place in question to exercise due care and foresight for her own safety, yet she was obliged to exercise only such care and foresight as is ordinarily exercised by reasonably careful persons under similar circumstances."

3. Instructions—*upon consideration of plaintiff's testimony not*

*error. Held,* in view of the other instructions given in the case, that the giving of an instruction upon this subject as follows, was not error:

"The court instructs the jury as a matter of law that the plaintiff is a competent witness in her own behalf, and if the testimony of the plaintiff appears to be fair and not unreasonable and is consistent with itself and she has not been in any manner impeached, then they have no right to disregard the testimony of the plaintiff merely because she is the plaintiff, or from mere caprice or without cause. It is the duty of the jury to consider the whole of the evidence and to render a verdict in accordance with the weight of all the evidence in the case and under the instructions of the court, as to the law."

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. BEN. M. SMITH, Judge, presiding. Heard in the Branch Appellate Curt at the October term, 1908. Affirmed. Opinion filed June 28, 1910.

JOHN A. ROSE and FRANK L. KRIETE, for appellant; W. W. GURLEY, of counsel.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellee, E. Eugenia Bower, recovered a judgment in the Superior Court against the appellant for $1,250 for negligence of the appellant whereby she received personal injuries while attempting to enter a street car being operated by appellant on November 20, 1905. The negligence averred in the declaration is that the defendant carelessly and negligently caused the car to be suddenly and violently started and moved while appellee was in the act of getting upon appellant's car.

It is contended on the part of appellant that the verdict and judgment are not supported by the evidence.

At the trial the plaintiff, appellee, testified to a state of facts which in our opinion would justify a verdict in her favor. Her testimony, together with the testimony of two physicians, was all the evidence offered on behalf of the plaintiff.

On the part of the defendant the testimony of the witness

Arentz, an investigator for the defendant, was received to the effect that he had examined the reports or books of the claim department of the defendant and found no report of the accident. The defendant also proved by the witness Sullivan that he was general supervisor of the defendant and had charge of the records of that company; that he had examined the records of his office and that the name of the conductor who had badge number 634, the number given by the plaintiff as the badge worn by the conductor who had charge of the car on which she was injured, was Henry Meierhoff. Meierhoff was then called and identified his trip sheet of November 20, 1905, and that he did not recognize the plaintiff as the lady who had an accident on his car on that date; and that he did not have an accident on that date in which the plaintiff was dragged or carried along by the car, while she was in the act of getting on the car; and that he did not at the time and place of the alleged accident start the car while the plaintiff was in the act of getting on the car; and that he did not say to her, "hurry up; get on now;" and that he did not on that date complain to the passengers because four or five women at that particular corner did not get on the front of the car but ran to the rear of the car.

The defendant also called the witness Cunningham who testified that he was an adjuster and investigator for the defendant, and that he took the sworn statement of the plaintiff on March 21, 1906, which statement was put in evidence.

Sangston, a witness called by the defendant, identified a record of the trainmen of the defendant company kept by him, which was read in evidence and showed that Meierhoff had badge 634, and that he received the badge September 16, 1903, and resigned May 2, 1906. This was the substance of all the evidence offered by the defendant.

From the evidence thus briefly stated it appears that the positive and direct testimony of the plaintiff regarding the accident is corroborated in part by the records of the defendant put in evidence. The only witness for the defendant whose testimony relates directly to the accident is that of the conductor of the car. The jury were justified in giving less

weight to his testimony than to that of the plaintiff, for the reason that it appears from his testimony that he was testifying largely from his conclusion that nothing happened at the time and place in question, because he made no report of it to the defendant company, rather than from any distinct recollection of what occurred. His answer to a question put to him by the presiding judge discloses the reason why he made no report of the accident. We cannot disturb the verdict and judgment upon the ground that the evidence does not support the verdict.

We cannot say that there is no connection between the accident and the injury shown. There was competent evidence admitted which warranted the jury in finding that the injuries shown were the direct result of the accident. The jury upon the evidence so found. If the injuries resulted from the accident, the verdict is not excessive.

We do not think the trial court committed reversible error in permitting appellee to account for her condition since the accident by attributing it to the effect of the accident upon her back and nerves, when, as in this case, she is supported by the testimony of two physicians that such an accident would cause the condition testified to by the plaintiff, and found to exist by the physicians who examined her.

Error is assigned upon the giving of the second and fourth instructions requested by the plaintiff.

The second instruction was as follows:

"The court instructs the jury as a matter of law that while it was the duty of the plaintiff at the time and place in question to exercise due care and foresight for her own safety, yet she was obliged to exercise only such care and foresight as is ordinarily exercised by reasonably careful persons under similar circumstances."

The objection to this instruction urged is that it "operated to eliminate from the consideration of the jury their determination of the fact whether plaintiff at all, at Evanston and Lawrence avenues, received such an injury as she claimed." We are unable to see any force to the objection. We cannot

perceive how the instruction eliminates any question from the consideration of the jury.

The fourth instruction was as follows:

"The court instructs the jury as a matter of law that the plaintiff is a competent witness in her own behalf, and if the testimony of the plaintiff appears to be fair and not unreasonable and is consistent with itself and she has not been in any manner impeached, then they have no right to disregard the testimony of the plaintiff merely because she is the plaintiff, or from mere caprice or without cause. It is the duty of the jury to consider the whole of the evidence and to render a verdict in accordance with the weight of all the evidence in the case and under the instructions of the court, as to the law."

It is urged that the part of the instruction which called attention to the fairness and reasonableness of appellee's testimony tended strongly to influence the jury to give credit to her testimony over that of appellant's conductor.

Appellant asked and the court gave appellant's instruction No. 15, on the same subject, in which the jury were told that "while the law permits the plaintiff in the case to testify in her own behalf, nevertheless the jury have the right in weighing her evidence to determine how much credence is to be given to it and to take into consideration the fact that she is the plaintiff and interested in the result of the suit." This instruction called particular attention to the plaintiff as a witness. But reading and considering these instructions together, we do not think the jury were misled or influenced in the manner suggested.

We find no reversible error in the record. The judgment is therefore affirmed.

*Affirmed.*